JUL 1 2026 PM2:57
FILED - USDC - FLMD - TPA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA BOWLING,
Plaintiff,

8:26-cv-1900-WFJ-SPF

v.

THE FLORIDA BAR;
THE FLORIDA BOARD OF BAR EXAMINERS;
ANDREW H. McELROY III, individually and in his official capacity;
ROLYNDA LEE McARTHUR SCOTT, individually and in her official capacity,

Defendants.

COMPLAINT

Plaintiff Jessica Bowling ("Plaintiff"), proceeding pro se, alleges as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges claims arising under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983 and 1985.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) because Plaintiff seeks redress for the alleged deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and laws of the United States.

3. To the extent Plaintiff asserts related state law claims arising from the same nucleus of operative facts, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## VENUE

4. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district, and one or more Defendants reside in or conduct business within the State of Florida.

5. The Court has personal jurisdiction over Defendants because each Defendant resides in, conducts business in, or is otherwise subject to the jurisdiction of the State of Florida, and the acts alleged herein arise from conduct occurring within the State of Florida.

## INTRODUCTION

6. This action arises from a series of events beginning in approximately March 2025 involving Plaintiff's neighboring property, subsequent civil litigation, attorney grievance proceedings, and Plaintiff's pending application for admission to The Florida Bar.



7. Plaintiff alleges that Defendants engaged in a coordinated course of conduct which deprived Plaintiff of a fair and impartial character and fitness determination and denied Plaintiff transparency regarding actual or potential conflicts of interest.

8. Plaintiff further alleges that Defendants exercised exclusive control over records, communications, and conflict determinations while simultaneously refusing to provide sufficient information to permit Plaintiff to determine whether conflicts of interest existed.

9. Plaintiff seeks declaratory relief, injunctive relief, production of records, damages as permitted by law, and any additional relief this Court deems appropriate.

## PARTIES

10. Plaintiff Jessica Bowling is a resident of Pinellas County, Florida.

11. Defendant The Florida Bar is responsible for regulating attorneys licensed to practice law in the State of Florida.

12. Defendant Florida Board of Bar Examiners is responsible for investigating applicants seeking admission to practice law in the State of Florida.

13. Defendant Andrew H. McElroy III served as Assistant General Counsel for the Florida Board of Bar Examiners during the events described herein.

14. Defendant Lee McArthur Scott is a licensed Florida attorney who has represented The Florida Bar in judicial proceedings.

## FACTUAL BACKGROUND

15. Plaintiff purchased her residence located at 5450 16th Avenue North, St. Petersburg, Florida IN October, 2024.

16. Shortly after acquiring the property, Plaintiff began experiencing substantial disturbances originating from the neighboring residence located at 5430 16th Avenue North.

17. These disturbances included excessive vehicle noise, repeated engine revving, accumulation of garbage and drug paraphernalia, overgrown vegetation, abandoned vehicles, code violations, and other conditions substantially interfering with Plaintiff's use and enjoyment of her home.

18. Plaintiff repeatedly attempted to resolve these matters without litigation by communicating with individuals connected to the neighboring property.

19. Beginning in approximately March 2025, Plaintiff contacted Gerry Hamm regarding ownership and management of the neighboring property.

20. Plaintiff sought voluntary resolution before pursuing litigation.

21. Despite Plaintiff's repeated efforts, the nuisance conditions continued.

22. Plaintiff subsequently initiated civil litigation concerning the neighboring property and the individuals responsible for the ongoing nuisance.

2

23. During the course of that litigation Plaintiff discovered that Defendant Lee McArthur Scott was a licensed Florida attorney.

24. Plaintiff further discovered that Defendant Lee McArthur Scott had appeared as counsel representing The Florida Bar in judicial proceedings.

25. Plaintiff thereafter filed grievances with The Florida Bar concerning matters she believed warranted investigation.

26. Plaintiff alleges those grievances were not meaningfully reviewed.

27. Plaintiff subsequently became aware that Defendant Andrew H. McElroy III served as Assistant General Counsel for the Florida Board of Bar Examiners during Plaintiff's admissions proceedings.

28. Plaintiff's admissions proceedings remained pending while Plaintiff's civil litigation and attorney grievances were ongoing.

29. Plaintiff disclosed the existence of her litigation to the Florida Board of Bar Examiners as required.

30. Plaintiff later received an adverse recommendation regarding her admission.

31. Plaintiff alleges that the sequence of events gave rise to reasonable concerns regarding the impartiality of the proceedings affecting her application.

32. Plaintiff requested confirmation that any actual, potential, or perceived conflict of interest had been identified and addressed before decisions affecting her admissions proceedings were made.

33. Plaintiff further requested documentation demonstrating whether conflict screening, recusal, or other internal review had occurred.

34. Plaintiff alleges that Defendants refused to provide documentation sufficient to verify whether any conflict review had been conducted.

35. Plaintiff alleges that Defendants maintain exclusive possession, custody, and control of records capable of confirming or disproving the existence of conflicts of interest.

36. Plaintiff alleges, upon information and belief, that Defendants possessed access to common records, databases, communications, and internal information systems sufficient to facilitate communications concerning Plaintiff's admissions proceedings.

37. Plaintiff further alleges that the information necessary to determine the existence and scope of any conflict remains exclusively within Defendants' possession.

38. Plaintiff is therefore unable to determine the extent of any communications, participation, influence, or coordination among Defendants without compulsory discovery.

39. Plaintiff alleges that Defendants' refusal to provide transparency has prevented meaningful verification of their representations concerning conflicts of interest.

3

40. Plaintiff alleges that discovery will establish the identity of every individual who reviewed, discussed, supervised, accessed, or otherwise participated in Plaintiff's admissions proceedings.

41. Plaintiff further seeks production of conflict reports, recusal determinations, internal communications, access logs, emails, electronic records, supervisory communications, and any other documents sufficient to determine whether Plaintiff's admissions proceedings were affected by undisclosed conflicts of interest.

## COUNT I

### 42 U.S.C. § 1983 – Deprivation of Procedural Due Process

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

43. Plaintiff alleges that Defendants, acting under color of state law, deprived Plaintiff of procedural due process during the character and fitness determination associated with Plaintiff's application for admission to practice law.

44. Plaintiff alleges that she repeatedly requested confirmation that any actual, potential, or perceived conflict of interest had been identified and appropriately addressed.

45. Plaintiff further alleges that Defendants refused to provide information sufficient to verify whether conflict screening, recusal, or other procedural safeguards had been employed.

46. Plaintiff alleges that Defendants' conduct deprived Plaintiff of a meaningful opportunity to evaluate the fairness and impartiality of the proceedings affecting her application.

47. As a result, Plaintiff alleges that she suffered damages and other injuries for which relief is available under applicable law.

## COUNT II

### 42 U.S.C. § 1985 – Alleged Civil Conspiracy

48. Plaintiff realleges and incorporates paragraphs 1 through 42.

49. Plaintiff alleges, upon information and belief, that Defendants acted in concert to deprive Plaintiff of rights secured by the Constitution and laws of the United States.

50. Plaintiff alleges that the chronology of events, the relationships among Defendants, and the actions alleged herein support an inference that coordinated conduct occurred.

51. Plaintiff further alleges that discovery is necessary to determine the full extent of communications, participation, and decision-making among Defendants.

52. Plaintiff alleges that she suffered injury as a direct and proximate result of the conduct alleged herein.

## COUNT III

### Declaratory Judgment

53. Plaintiff realleges and incorporates paragraphs 1 through 47.

54. An actual and justiciable controversy exists concerning whether Plaintiff's admissions proceedings were conducted free from actual or perceived conflicts of interest.

55. Plaintiff contends that Defendants possess records and information necessary to resolve that controversy.

56. Plaintiff seeks a declaration of the parties' rights and obligations concerning the issues presented in this Complaint.

## COUNT IV

### Injunctive Relief

57. Plaintiff realleges and incorporates paragraphs 1 through 51.

58. Plaintiff alleges that Defendants possess documents, electronically stored information, communications, conflict screening records, and other materials relevant to the allegations contained herein.

59. Plaintiff requests appropriate injunctive relief requiring the preservation and production of records as authorized by law.

60. Plaintiff further requests such additional equitable relief as the Court determines is necessary to ensure a full and fair adjudication of the issues presented.

61. Plaintiff recognizes that certain Defendants may assert immunity or other defenses under applicable law.

62. Plaintiff alleges, however, that the circumstances described in this Complaint present sufficiently serious allegations concerning the integrity of Plaintiff's admissions proceedings and the existence of potential conflicts of interest to warrant judicial review.

63. Plaintiff further alleges that the information necessary to confirm or refute the existence of any actual or perceived conflict of interest is maintained exclusively by Defendants and is not otherwise available to Plaintiff.

64. Plaintiff contends that, absent the opportunity to proceed with this action and obtain discovery, Plaintiff has no reasonable means of determining whether appropriate conflict screening, recusal procedures, or other procedural safeguards were implemented during the proceedings affecting Plaintiff's application.

65. Plaintiff therefore respectfully requests that the Court permit this action to proceed so that the factual issues alleged herein may be developed through the discovery process and adjudicated on a complete factual record.

**EXHIBIT LIST**

Plaintiff intends to rely upon the following exhibits in support of the allegations contained in this Complaint. The list is subject to amendment as discovery progresses.

Exhibit A – Alias Amended Statement of Claim filed in Bowling v. Smith, et al.
Exhibit B – Correspondence between Plaintiff and Gerry Hamm regarding the neighboring property.
Exhibit C – Correspondence between Plaintiff and Defendant Lee McArthur Scott.
Exhibit D – Complaints submitted by Plaintiff to The Florida Bar.
Exhibit E – Correspondence received from the Executive Director of The Florida Bar concerning Plaintiff's requests regarding conflicts of interest.
Exhibit F – Public court records identifying Defendant Lee McArthur Scott as counsel for The Florida Bar.

**PRESERVATION OF EVIDENCE**

Plaintiff respectfully requests that Defendants preserve all electronically stored information, emails, correspondence, databases, access logs, conflict screening records, audit trails, memoranda, text messages, and any other documents or communications relating to Plaintiff, Plaintiff's admissions proceedings, attorney grievance matters, civil litigation, or any communication between the named Defendants pending resolution of this action.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED**

Respectfully submitted,

Jessica Bowling
Plaintiff, Pro Se
5450 16th Avenue North
St. Petersburg, Florida 33710
Phone: 321-303-3792
Email: jmbowling@law.stetson.edu

Date: 7/1/26